UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SERGE KANNON,<br><br>Plaintiff,<br><br>-against-<br><br>THE AFFILIATI NETWORK, LLC, and SANJAY PALTA,<br><br>Defendants. | Case No. 1:26-cv-00955-AMD-PK |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT OR, ALTERNATIVELY, TO STRIKE SECOND AMENDED COMPLAINT**

**LANDY WOLF, PLLC**
*Attorneys for Defendant*
270 Madison Avenue, Suite 1801
New York, New York 10016
(212) 682-8510

## TABLE OF CONTENTS


TABLE OF CONTENTS ........................................................................................................ 2

TABLE OF AUTHORITIES ................................................................................................ 3

INTRODUCTION ............................................................................................................. 6

ARGUMENT ..................................................................................................................... 7

I. Standard for Dismissal ..................................................................................... 7

II. Standard for Striking of Pleadings .................................................................. 8

III. The Majority of Claims are Barred by the Statute of Limitations ................................. 9

IV. The SAC is an Improper Shotgun Pleading in Violation of Rules 8(a), 8(d), and 10(b). 10

V. The SAC Fails to State a Claim for Direct Liability Against Affiliati Under 47 U.S.C. § 227(b)-(c). ........................................................................................................ 12

VI. The SAC Fails to State a Claim for Vicarious Liability Under 47 U.S.C. § 227(b)-(c).14

VII. The SAC Fails to State a Claim for Individual Liability against Palta Under 47 U.S.C. § 227(b). ........................................................................................................ 15

CONCLUSION ................................................................................................................. 16

## TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) .......... 7

*Bais Yaakov of Spring Valley v. Graduation Source, LLC*, 14 Civ. 3232, 2016 WL 1271693, at *6 (S.D.N.Y. March 29, 2016) .......... 14

*Bank v. Alliance Health Networks, LLC*, No. 15 Civ. 213, 2015 WL 4645317, at *1 (E.D.N.Y. Aug. 4, 2015) .......... 14

*Bank v. Philips Elecs. N. Am. Corp.*, No. 14 Civ. 5312, 2015 WL 1650926, at *3 (E.D.N.Y. Apr. 14, 2015) .......... 13

*Bank v. Simple Health Plans LLC*, No. 18 Civ. 6457, 2019 WL 7878570, at *7 (E.D.N.Y. Dec. 12, 2019) .......... 15

*Bank v. Vivint Solar, Inc.*, No. 18 Civ. 2555, 2019 WL 2280731, at *3 (E.D.N.Y. Feb. 25, 2019) .......... 13

*Banks v. Pro Custom Solar*, 416 F. Supp. 3d 171, 173 (E.D.N.Y. 2018) .......... 11

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) .......... 6

*Bouye v. Bruce*, 61 F.4th 485, 492 (6th Cir. 2023) .......... 8

*Cacho v. McCarthy & Kelly LLP*, 739 F.Supp.3d 195, 214 (S.D.N.Y. 2024) .......... 12

*Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 168, 136 S.Ct. 663, 675 (2016) .......... 13

*Childress v. Liberty Mut. Ins. Co.*, No. 17 Civ. 1051, 2018 WL 4684209, at *3 (D.N.M. Sept. 28, 2018) .......... 12

*Cunningham v. Channer, LLC*, No. 17 Civ. 1305, 2018 WL 4620391, at *7 (W.D.N.Y. Sept. 26, 2018) .......... 15

*Cunningham v. Prof'l Educ. Inst., Inc.*, 17 Civ. 894, 2018 WL 6709515, at *3 (E.D. Tex. Nov. 5, 2018), *report and recommendation adopted*, 17 Civ. 00894, 2018 WL 6701277 (E.D. Tex. Dec. 20, 2018) .......... 12

*Cunningham v. Prof'l Educ. Inst., Inc.*, 17 Civ. 894, 2018 WL 6709515, at *5 (E.D. Tex. Nov. 5, 2018) .......... 15

*Gauvin v. Trombatore*, 682 F.Supp. 1067, 1071 (N.D. Cal. 1988) .......... 7

*Giovanniello v. ALM Media, LLC*, 726 F.3d 106, 115 (2d Cir. 2013)............................................ 8

*Gulden v. Consol. World Travel Inc.*, 16 Civ. 01113, 2017 WL 3841491, at *3 (D. Ariz. Feb. 15, 2017) ........................................................................................................................ 12

*Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003)............................................................ 7

*In re Bishop*, 578 B.R. 158, 168 (Bankr. W.D.N.Y. 2017) ......................................................... 10

*Jackson v. Caribbean Cruise Line, Inc.*, 88 F.Supp.3d 129, 138 (E.D.N.Y. 2015)..................... 14

*Jennings v. Cont'l Serv. Grp., Inc.*, 239 F. Supp. 3d 662, 665 (W.D.N.Y. 2017)......................... 11

*Koehl v. Greene,* 06 Civ. 0478, 2007 WL 2846905 (N.D.N.Y. Sept. 26, 2007) ............................ 8

*Lester v. Wells Fargo Bank NA,* 15 Civ. 2439, 2020 WL 8920987, at *3 (W.D. La. Dec. 30, 2020)*, report and recommendation adopted,* 15 Civ. 2439, 2021 WL 1097325 (W.D. La. Mar. 22, 2021) ........................................................................................................................ 9

*Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976) .................................. 8

*Long Island Anesthesiologists PLLC v. United Healthcare Ins. Co. of New York, Inc.*, 22 Civ. 04040, 2025 WL 1031093, at *3 (E.D.N.Y. April 7, 2025) ..................................................... 10

*Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101 (2002)........................................................ 8

*Sepehry-Fard v. Dep't Stores Nat'l Bank*, 15 F. Supp. 3d 984, 988 (N.D. Cal. 2014) ................. 12

*Silva v. Seven Rock Life Corp.*, 23 Civ. 6407, 2024 WL 3228437, at *5 (E.D.N.Y. June 28, 2024) ........................................................................................................................ 8

*Texas v. Am. Blastfax, Inc.*, 164 F. Supp. 2d 892, 898 (W.D. Tex. 2001).................................... 14

*Tucker v. Am. Int'l Grp., Inc.*, 936 F. Supp. 2d 1, 15-16 (D. Conn. 2013) .................................... 7

*Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322-23 (11th Cir. 2015) ............. 10

*Westgate Resorts, Ltd. v. Wesley Fin. Grp., LLC*, 20 Civ. 00599, 2024 WL 3266616 (M.D. Tenn. July 1, 2024)........................................................................................................................ 8

**Statutes**

28 U.S.C. § 1658(a) ........................................................................................................ 5

47 U.S.C. § 227(b)-(c) ........................................................................................................ 13

**Rules**

Fed. R. Civ. P. 10(b) ........................................................ 6

Fed. R. Civ. P. 12(b)(6)........................................................ 6

Fed. R. Civ. P. 12(f) ........................................................ 7

Fed. R. Civ. P. 8(a)(2)........................................................ 6

Fed. R. Civ. P. 8(d)(1)........................................................ 6

## INTRODUCTION

The SAC is a sprawling, conclusory pleading attempting to impose liability under the Telephone Consumer Protection Act ("TCPA") on an affiliate marketing network that connects advertisers and publishers but does not itself transmit text messages. Despite alleging that hundreds of violative text messages were sent, most of which are barred by the applicable statute of limitations, the SAC does not plausibly allege that either Defendant actually sent, initiated, or directly authorized the transmission of any SMS message to Plaintiff.

Instead, the SAC relies on speculation about an alleged "enterprise" of unidentified independent affiliates and publishers, while simultaneously acknowledging that Affiliati operates as an affiliate marketing platform coordinating advertising campaigns utilized by third parties. The SAC should be dismissed in its entirety and/or stricken in accordance with Rules 8, 10 and Rule 12(b)(6) for several reasons.

First, the "continuing violation doctrine" does not apply to TCPA violations because each alleged text message is treated as separate statutory violation and there is no legal authority applying the doctrine in the TCPA context. As such, all alleged text messages allegedly received by Plaintiff prior to February 19, 2022, are barred by the four-year statute of limitations for TCPA actions under 28 U.S.C. § 1658(a).

Second, the SAC is an improper shotgun pleading that is replete with conclusory, vague and immaterial allegations, which impermissibly groups together both Defendants, one of whom is an individual, without identifying actionable conduct by either Defendant. Significantly, each cause of action incorporates all preceding paragraphs, including allegations pled in each preceding count, in an indecipherable jumble of interrelated, vague and conclusory claims. In fact, most of Plaintiff's allegations concern prior irrelevant litigation, investigations, discovery disputes, and/or

prejudice Defendants and, therefore, must be stricken.

Third, the SAC fails to state causes of action for violations of the TCPA because it fails to raise a plausible inference that either Defendant actually made or initiated the alleged text message within the meaning of the TCPA. Indeed, the SAC does not contain a single allegation supporting an inference that either Affiliati, Palta or a representative sent or authorized the transmission of the text messages, or that either Defendant owned or operated the number that sent the purportedly violative messages, or that any of the products or services advertised in those messages are in any way related to Defendants.

Because the SAC consists largely of speculation, irrelevant background, and conclusory allegations, it should be dismissed with prejudice, or at minimum the Court should strike the immaterial allegations and require Plaintiff to file a more definite statement.

## ARGUMENT

### I. Standard for Dismissal

To survive a motion to dismiss, a pleading must clearly show, by way of a short and plain statement, that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Additionally, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "A party must state its claims … in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

Under Fed. R. Civ. P. 12(b)(6), the Court may dismiss a pleading that fails to "state a claim upon which relief can be granted." A motion to dismiss should be granted if the pleading does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Even though the Court must accept well-pled factual

allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" must be disregarded. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* In this regard, while a plaintiff need not provide "detailed factual allegations," a plaintiff's complaint must provide "more than labels and conclusions." *Twombly*, 550 U.S. at 555 (internal citations omitted).

The Federal Rules "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. 678 (quoting *Twombly*, 550 U.S. 555). The rule exists to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. The Court must "not accept any unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations." *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003). A complaint fails to satisfy Rule 8's pleading standard that "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Further, a plaintiff that brings claims against multiple defendants "must allege the basis of his claim against *each* defendant to satisfy Federal Rule of Civil Procedure 8(a)(2), which requires a short and plain statement of the claim to put defendants on sufficient notice of the allegations against them." *Gauvin v. Trombatore*, 682 F.Supp. 1067, 1071 (N.D. Cal. 1988) (emphasis added).

## II. Standard for Striking of Pleadings

A court may "strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Resolution of a motion to strike under this rule is within the discretion of the district court. *Tucker v. Am. Int'l Grp., Inc.*, 936 F. Supp. 2d 1, 15-16 (D. Conn. 2013). The Second Circuit has long held that a motion to strike should be granted where "it can be shown that no evidence in support of the allegation would be admissible."

*Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976). A party moving to strike must ordinarily show that: "(1) no evidence in support of the allegations would be admissible; (2) the allegations have no bearing on the issues in the case; and (3) permitting the allegations to stand would result in prejudice to the movant." *Tucker*, 936 F. Supp. at 16.

## III. The Majority of Claims are Barred by the Statute of Limitations

At the outset, the majority of the alleged violative text messages are barred by the four-year statute of limitations applicable to TCPA claims under 28 U.S.C. § 1658(a). *See Giovanniello v. ALM Media, LLC*, 726 F.3d 106, 115 (2d Cir. 2013). Violations of the TCPA begin to accrue when the offending action takes place. *Silva v. Seven Rock Life Corp.*, 23 Civ. 6407, 2024 WL 3228437, at *5 (E.D.N.Y. June 28, 2024) ("A claim under the TCPA is subject to a four-year statute of limitations period that runs from receipt of the allegedly unlawful solicitation").

Here, Plaintiff alleges that he received 513 text messages between September 19, 2021, and May 11, 2022, and, in an attempt to avoid the statute of limitations, Plaintiff attempts to invoke the "continuing violation doctrine," mistakenly claiming that the alleged messages "constitute a single, ongoing pattern of unlawful conduct that did not conclude until May 11, 2022." SAC ¶ 37. However, federal courts have largely rejected the "continuing violation doctrine" outside the employment discrimination arena (and particularly the hostile-work environment context). *See Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101 (2002); *Koehl v. Greene,* 06 Civ. 0478, 2007 WL 2846905 (N.D.N.Y. Sept. 26, 2007) (describing continuing violation doctrine as largely a creature of Title VII employment discrimination law); *Westgate Resorts, Ltd. v. Wesley Fin. Grp., LLC*, 20 Civ. 00599, 2024 WL 3266616 (M.D. Tenn. July 1, 2024) (noting that Tennessee courts have largely rejected continuing violations doctrine outside employment discrimination context); *Bouye v. Bruce*, 61 F.4th 485, 492 (6th Cir. 2023)(noting that the court has been " 'extremely

reluctant' " to extend the continuing-violation doctrine outside the Title VII context" and declining to apply it to Fair Debt Collection Practices Act claims). In fact, in *Lester v. Wells Fargo Bank NA,* the Court expressly rejected applying the continuing violation doctrine to TCPA claims. *Lester v. Wells Fargo Bank NA,* 15 Civ. 2439, 2020 WL 8920987, at *3 (W.D. La. Dec. 30, 2020)*, report and recommendation adopted,* 15 Civ. 2439, 2021 WL 1097325 (W.D. La. Mar. 22, 2021). The court reasoned that while the continuing violation doctrine fits well in employment discrimination cases where events mount over time to create a violation, under the TCPA each communication carries its own violation and statutory damages of $500 per call, making each call a discrete actionable event. *Id.*

Indeed, at various points throughout the SAC, Plaintiff acknowledges that the alleged text messages advertised a variety of different products or services such as CBD products, "bait-and-switch-offers, undeliverable package alerts and data collection solicitation" (SAC ¶ 14), which he attempts to link different marketers who allegedly did business with Affiliati, without ever alleging who actually sent the messages. *See* SAC ¶¶ 16-17.

Both the SAC's own allegations and the authorities above establish that each alleged text message is a separate and discrete violation that began to accrue when the message was sent and therefore, the "continuing violation doctrine" *does not apply.* As such, any claim based on messages sent between September 2021 and February 19, 2022, is time-barred as a matter of law and those claims must be dismissed with prejudice.

## IV. The SAC is an Improper Shotgun Pleading in Violation of Rules 8(a), 8(d), and 10(b).

Federal Rule of Civil Procedure 8(a) requires that a pleading stating a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for the relief sought. Fed. R. Civ. P. 8(a)(2)-(3). Rule 8(d) further requires pleadings to be

concise and direct while Rule 10(b) mandates that parties state their claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. Fed. R. Civ. P. 8(d), 10(b). Here, in contravention of the foregoing rules, the SAC is an unintelligible jumble of conclusory allegations, commonly known as a "shotgun" pleading. As the Eleventh Circuit has explained, a complaint is an impermissible "shotgun" pleading if it:

> (1) contains multiple counts where each count adopts the allegations of all preceding counts; (2) is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) fails to separate into a different count each cause of action; or (4) asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act.

*Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322-23 (11th Cir. 2015); *In re Bishop*, 578 B.R. 158, 168 (Bankr. W.D.N.Y. 2017) (citing *Wieland*); *Long Island Anesthesiologists PLLC v. United Healthcare Ins. Co. of New York, Inc.*, 22 Civ. 04040, 2025 WL 1031093, at *3 (E.D.N.Y. April 7, 2025) ("A shotgun pleading that is neither clear nor concise goes against the fundamental principles of Rule 8").

The SAC is of the first, second and fourth type of "shotgun" pleading articulated by *Wieland*. Not only does Count II of the SAC adopt all of the preceding allegations contained in Count I, but it is also replete with conclusory, vague and immaterial allegations concerning prior unrelated litigation, investigations, discovery disputes, and/or confidential settlements involving Affiliati or Palta that have no obvious connection to Plaintiff's causes of action. *See* SAC ¶¶ 16-17, 20-36, 52. Many of these paragraphs are multiple sentences long, not limited to a single set of circumstances and are irrelevant to Plaintiff's purported TCPA claims. Such allegations serve no purpose other than to harass and prejudice Defendants by attempting to present Defendants in a negative light. On this basis alone, the SAC should be dismissed, or at a minimum, such allegations should be stricken pursuant to Fed. R. Civ. P. 12(f).

The allegations that do relate to the purported TCPA violations are also fatally flawed because, among other errors, Plaintiff lumps both Defendants together as part of larger "enterprise" without ever alleging who, let alone which Defendant, actually sent the alleged text messages. Instead, the SAC vaguely alludes to an "enterprise" by which "Defendants, directly and through agents acting with actual authority, apparent authority, and ratification initiated 513 text messages to Plaintiffs cellular telephone using automated systems…" *See e.g.* SAC ¶¶ 1-2, 16, 39-40, 43; *see also* SAC ¶ 45. The SAC deliberately obscures which factual allegations apply to each Defendant, and never identifies who purportedly sent each messages, nor the phone numbers they were sent from. Thus, Plaintiff prevents each party from having fair notice of the claims asserted against them. This type of pleading is entirely improper and, on this basis alone, the SAC should be dismissed in its entirety.

## V. The SAC Fails to State a Claim for Direct Liability Against Affiliati Under 47 U.S.C. § 227(b)-(c).

The TCPA makes it unlawful "for any person within the United States…to make any call (other than a call made ...with the prior express consent of the called party) using any...artificial or prerecorded voice...to (iii) any telephone number assigned to a... cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). To prevail on a TCPA claim, a plaintiff must show that the defendant: (1) called the plaintiff's cellular telephone; (2) using an automatic dialing system; (3) without the plaintiff's prior express consent. *Jennings v. Cont'l Serv. Grp., Inc.*, 239 F. Supp. 3d 662, 665 (W.D.N.Y. 2017).

To assert direct liability under the TCPA, a plaintiff must adequately allege that the defendant initiated the calls at issue. *Banks v. Pro Custom Solar*, 416 F. Supp. 3d 171, 173 (E.D.N.Y. 2018). In other words, a plaintiff must plausibly allege that the defendant actually, physically initiated the calls at issue. *Cacho v. McCarthy & Kelly LLP*, 739 F.Supp.3d 195, 214

(S.D.N.Y. 2024). Conclusory allegations that a defendant made the calls at-issue are not sufficient to withstand a motion to dismiss. *See Cunningham v. Prof'l Educ. Inst., Inc.*, 17 Civ. 00894, 2018 WL 6709515, at *3 (E.D. Tex. Nov. 5, 2018), *report and recommendation adopted*, 17 Civ. 00894, 2018 WL 6701277 (E.D. Tex. Dec. 20, 2018) (dismissing TCPA claims where the plaintiff "fail[ed] to allege specifically that [a defendant] made a call or provide any factual basis for why he believes [the defendant] made or directed any of the allegedly violative phone calls"); *Childress v. Liberty Mut. Ins. Co.*, No. 17 Civ. 1051, 2018 WL 4684209, at *3 (D.N.M. Sept. 28, 2018) (dismissing TCPA claims where there were "no factual allegations" "to support Plaintiff's conclusory assertions that the call was made by Defendant's 'robot machine.' The mere conclusion that the 'robot machine' responsible for the call belonged to Defendant, without any factual allegations to support that conclusion, does not constitute a factual allegation that, if proven, would establish that Defendant 'made,' or 'physically placed' the call to Plaintiff's cell phone."); *Gulden v. Consol. World Travel Inc.*, 16 Civ. 01113, 2017 WL 3841491, at *3 (D. Ariz. Feb. 15, 2017) (dismissing TCPA claims where the plaintiff conclusory pled that " 'Defendant, Defendant's agents or parties acting on behalf of the Defendant initiated the alleged calls [but] offer[ed] no factual support for this statement"); *Sepehry-Fard v. Dep't Stores Nat'l Bank*, 15 F. Supp. 3d 984, 988 (N.D. Cal. 2014) (dismissing TCPA claims where the complaint did not contain any allegations "showing why plaintiff believes the Financial Entities were responsible for specifically identified calls that used prerecorded voices in violation of the TCPA.").

The SAC falls woefully short of adequately alleging that either Defendant sent the text messages at issue to Plaintiff. The SAC contains only *four* paragraphs alleging that "Defendants" (with no differentiation) purportedly sent or initiated the text messages to Plaintiff's cell phone. Plaintiff offers no factual support for his claims. The first such conclusory allegation appears at

the unnumbered paragraph after paragraph 10 of the SAC. Similar bare-bones, conclusory allegations can be found in paragraphs 39(a), 45 and 54 of the SAC. Plaintiff does not allege the phone number(s) by which these messages were allegedly sent, nor who owned/operated the phone number(s). Plaintiff does not allege the date and time of the alleged messages. Ultimately, Plaintiff does not allege how all of the alleged 513 text messages are plausibly tied to either Defendant. The SAC simply lacks non-conclusory allegations supporting the inference that the Defendants sent the texts at issue or how/why each Defendant should be held directly liable for doing so. Thus, the Court should thus dismiss the SAC in its entirety.

## VI. The SAC Fails to State a Claim for Vicarious Liability Under 47 U.S.C. § 227(b)-(c).

"[T]he Federal Communications Commission has ruled that, under federal common-law principles of agency, there is vicarious liability for TCPA violations." *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 168, 136 S.Ct. 663, 675 (2016). However, to assert a TCPA violation under a theory of vicarious liability, "a plaintiff ... must allege an agency relationship between the maker of the call, such as a marketing company, and the defendant.... The existence of *some* connections between the defendant and the maker of the call will not suffice[.]" *Bank v. Vivint Solar, Inc.*, No. 18 Civ. 2555, 2019 WL 2280731, at *3 (E.D.N.Y. Feb. 25, 2019) (internal quotation marks and citation omitted; italics in original). Here, paragraph 49 of the SAC alleges that Affiliati "is vicariously liable under principles of actual authority, apparent authority, and ratification," without pleading any allegations of ultimate fact that establish the existence of an agency relationship between Affiliati and any of its advertisers or third-parties that purportedly sent the alleged text messages. *Id.* at *4 (dismissing TCPA claims based on conclusory claims of an agency relationship); *Bank v. Philips Elecs. N. Am. Corp.*, No. 14 Civ. 5312, 2015 WL 1650926, at *3 (E.D.N.Y. Apr. 14, 2015) (dismissing TCPA claim because the plaintiff did not plead "allegations

of fact that establish an agency relationship between [the defendant] and the authorized dealers or any control by [the defendant] over the dealers"); *Jackson v. Caribbean Cruise Line, Inc.*, 88 F.Supp.3d 129, 138 (E.D.N.Y. 2015) (dismissing TCPA claim because "absent from the second amended complaint [were] any allegations that [the defendant] had the power to give 'interim instructions' to [the purported agent], or any non-conclusory suggestion of 'direction' or 'control' by [the defendant] of [the purported agent]"); *Bank v. Alliance Health Networks, LLC*, No. 15 Civ. 213, 2015 WL 4645317, at *1 (E.D.N.Y. Aug. 4, 2015) (dismissing the plaintiff's TCPA claim because the plaintiff "allege[d] merely that the calls at issue were made 'by, or on behalf of, or with the authorization of [the defendants]'").

The SAC therefore does not adequately allege specific facts supporting a theory of vicarious liability and must be dismissed.

## VII. The SAC Fails to State a Claim for Individual Liability against Palta Under 47 U.S.C. § 227(b).

The SAC seeks to hold Palta individually liable for the alleged TCPA violations despite a failure to allege that he either sent or had any individual involvement whatsoever with sending the alleged text messages.

While corporate officers may be held personally liable for violations of the TCPA, district courts, including at least one in the Second Circuit, have held that the officer may be personally liable if he "had direct, personal participation in or personally authorized the conduct found to have violated the" TCPA. *Bais Yaakov of Spring Valley v. Graduation Source, LLC*, 14 Civ. 3232, 2016 WL 1271693, at *6 (S.D.N.Y. March 29, 2016) (internal quotation marks and citation omitted); *accord Texas v. Am. Blastfax, Inc.*, 164 F. Supp. 2d 892, 898 (W.D. Tex. 2001).

The SAC alleges at paragraph 50 that:

> "50. Defendant Palta is individually liable. Palta: exercised direct

> operational control over affiliate recruitment and campaign coordination; personally controlled financial disbursements to affiliates; directed the concealment of advertising evidence in prior litigation; and had authority and ability to prevent violations but authorized, ratified, and benefited from them."

And again, at paragraph 58, the SAC alleges that:

> "58. Defendant Palta is individually liable. As CEO, Palta controlled compliance practices, had authority to implement proper policies, and knowingly allowed continued violations after Plaintiffs registration and opt-out requests."

These conclusory allegations (even if accepted as true for the purposes of this motion), however, do not establish Palta's actual participation in the TCPA violations. *See Bank v. Simple Health Plans LLC*, No. 18 Civ. 6457, 2019 WL 7878570, at *7 (E.D.N.Y. Dec. 12, 2019) (finding allegations that individual officers "formulated, directed, and controlled the sending of the text message" conclusory and therefore inadequate to establish individual liability as to TCPA claim); *Cunningham v. Channer, LLC*, No. 17 Civ. 1305, 2018 WL 4620391, at *7 (W.D.N.Y. Sept. 26, 2018) (denying default as to individual defendants where plaintiff alleged only that the defendants "personally participated and authorized the calls"); *Cunningham v. Prof'l Educ. Inst., Inc.*, 17 Civ. 894, 2018 WL 6709515, at *5 (E.D. Tex. Nov. 5, 2018) ("Plaintiff provides no factual support to indicate that Hussey or Novielli oversaw day-to-day operations, set company policies, or were central figures and/or the guiding force behind the TCPA violations.").

The SAC therefore does not adequately assert any theory of individual liability against Palta and all claims against Palta must be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Defendants The Affiliati Network, LLC and Sanjay Palta respectfully request that the Court dismiss the SAC in its entirety, or in the alternative, strike the SAC as alleged herein and grant any other relief the Court deems just and proper.

Dated: March 18, 2026

**LANDY WOLF, PLLC**

David A. Wolf
Steven Landy
*Attorneys for Plaintiff*
270 Madison Avenue, Suite 1801
New York, New York 10016
Tel. (212) 682-8510
dwolf@landywolf.com