UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SERGE KANNON,

        Plaintiff,

        -against-

THE AFFILIATI NETWORK, LLC, and
SANJAY PALTA,

        Defendants.

Case No. 1:26-cv-00955-AMD-PK

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT
OR, ALTERNATIVELY, TO STRIKE SECOND AMENDED COMPLAINT**

**LANDY WOLF, PLLC**
*Attorneys for Defendants*
270 Madison Avenue, Suite 1801
New York, New York 10016
(212) 682-8510

**TABLE OF CONTENTS**

Page

INTRODUCTION ................................................................................................................. 1

ARGUMENT ........................................................................................................................ 2

I.    PLAINTIFF'S STATUTE OF LIMITATIONS ARGUMENTS ARE MERITLESS ........... 2

II.    PLAINTIFF FAILS TO PLAUSIBLY ALLEGE THAT EITHER DEFENDANT "MADE" OR "INITIATED" ANY TEXT MESSAGE .......................................................... 3

III.   PLAINTIFF'S VOLUME-BASED AND "SYSTEMIC" INFERENCE THEORY IS LEGALLY INSUFFICIENT ..................................................................................... 4

IV.  PLAINTIFF FAILS TO PLEAD INDIVIDUAL LIABILITY AGAINST PALTA .............. 5

V.  THE SAC REMAINS AN IMPROPER SHOTGUN PLEADING ..................................... 5

CONCLUSION..................................................................................................................... 5

# TABLE OF AUTHORITIES

**Page**

*Bank v. Alarm.com Holdings, Inc.,*
    828 Fed. App'x 5 (2d Cir. 2020)......................................................................................4

*Bank v. Vivint Solar, Inc.,*
    2019 WL 2280731 (E.D.N.Y. Feb. 25, 2019) ................................................................4

*Banks v. Pro Custom Solar,*
    416 F. Supp. 3d 173 (E.D.N.Y. 2018) ...........................................................................4

*Cacho v. McCarthy & Kelly LLP,*
    739 F. Supp. 3d 195 (S.D.N.Y. 2024) ............................................................................4

*Essex Capital Corp. v Garipalli,*
    17 CIV. 6347 (JFK), 2018 WL 6618388 (S.D.N.Y. Dec. 18, 2018) ..............................2

*Lester v. Wells Fargo Bank NA,*
    15 Civ. 2439, 2020 WL 8920987 (W.D. La. Dec. 30, 2020)
    *report and recommendation adopted*
    15 Civ. 2439, 2021 WL 1097325 (W.D. La. Mar. 22, 2021) ........................................2

*McKenna v. Wright,*
    386 F.3d 432 (2d Cir. 2004) ..........................................................................................2

Defendants The Affiliati Network, LLC ("Affiliati") and Sanjay Palta ("Palta") (together, "Defendants") hereby submit this reply memorandum of law in further support of their motion to dismiss the second amended complaint ("SAC") or, alternatively, to strike the SAC.

## **<u>INTRODUCTION</u>**

Plaintiff's opposition confirms—rather than cures—the fatal defects in the SAC.

Despite styling the SAC as a detailed narrative of "systemic" misconduct, Plaintiff still cannot plead the essential facts required by the Telephone Consumer Protection Act ("TCPA") including who sent the messages, how Defendants initiated them, or what concrete actions by either Defendant violated the statute. Instead, Plaintiff asks the Court to infer liability from volume, coincidence, and speculation, while postponing every material fact to discovery. Rule 12 does not permit that approach.

Plaintiff's opposition also attempts to rewrite TCPA pleading standards by arguing that it is not necessary to identify the sender, originating number, or causal mechanism. Plaintiff's contention directly conflicts with controlling authority in this Circuit. The TCPA only imposes liability on entities that make or initiate calls, or that are plausibly alleged to be principals under well-pleaded factual allegations of agency. Allegations of shared "infrastructure," affiliate ecosystems, and prior unrelated litigation do not substitute for those elements.

Nor does Plaintiff's reliance on equitable tolling, "continuing violations," or *pro se* leniency salvage the SAC. Each alleged text message is a discrete statutory violation with its own accrual date and, as such, all messages allegedly received before February 19, 2022, are time barred on the face of the SAC and must be dismissed with prejudice. Plaintiff's equitable theories are conclusory, unsupported, and contradicted by Plaintiff's own admissions of early awareness and extensive investigation.

1

For these reasons and as more fully set forth in the motion to dismiss, the SAC should be dismissed or stricken.

**ARGUMENT**

### I. Plaintiff's Statute of Limitations Arguments are Meritless

Plaintiff's opposition confirms what is apparent on the face of the SAC: all of the alleged text messages were sent between September 19, 2021, and May 11, 2022. The TCPA's four-year statute of limitations therefore bars all messages allegedly received before February 19, 2022.

When it is apparent from the face of the complaint that the action is barred by expiration of the statute of limitations Rule 12(b)(6) dismissal is warranted. *See McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004); *see also Essex Capital Corp. v Garipalli,* 17 CIV. 6347 (JFK), 2018 WL 6618388, at *2 (S.D.N.Y. Dec. 18, 2018) (Where a plaintiff's "claims are time-barred on the face of its own complaint, [plaintiff] has the burden of pleading facts sufficient to establish that the statutes of limitations should be tolled."). None of the arguments Plaintiff raises in opposition is sufficient to avoid dismissal on statute of limitations grounds.

First, Plaintiff's reliance on a "continuing, coordinated campaign" does not alter the accrual date. Plaintiff cites no legal authority applying the continuing violations doctrine to TCPA claims because no authority exists. As the cases cited in the motion to dismiss demonstrate, the continuing violations doctrine is largely applied in employment discrimination cases and at least one District Court has rejected its application to TCPA claims. *See Lester v. Wells Fargo Bank NA,* 15 Civ. 2439, 2020 WL 8920987, at *3 (W.D. La. Dec. 30, 2020), *report and recommendation adopted,* 15 Civ. 2439, 2021 WL 1097325 (W.D. La. Mar. 22, 2021). This is because under the TCPA each communication constitutes a discrete violation carrying its own statutory damages of $500 per call, making each call a separate actionable event.

2

Plaintiff's equitable tolling arguments are equally deficient. Plaintiff does not plead concealment of the existence of injury, extraordinary circumstances preventing filing, or diligence sufficient to toll the statute. To the contrary, the SAC alleges that Plaintiff documented the messages, identified domains, and sent demand letters within months, all of which demonstrates awareness, not concealment. Plaintiff admits that he sent his first demand letter to Defendants on September 8, 2022, waited nearly *two years before* sending a "notice of intent to sue" on April 21, 2024, then waited another *twenty months* before sending a formal "litigation hold notice" on December 1, 2025. Plaintiff subsequently filed this action over two months later, on February 18, 2026-nearly four years after the date of the last text message he allegedly received on May 11, 2022. Plaintiff's equitable tolling argument is squarely contradicted by his own admissions and, although he claims he "did not sleep on his rights," the record establishes otherwise.

Plaintiff's equitable tolling argument is further contradicted by his admitted attempts to pursue these same or similar claims against third parties. Apparently, Plaintiff was not satisfied with the outcome and has now improperly and belatedly set his sights on Defendants. Equitable tolling cannot be invoked simply because Plaintiff later decided to sue different defendants.

Therefore, the Court should reject Plaintiff's arguments and dismiss the claims based on messages sent prior to February 19, 2022, with prejudice.

## II. Plaintiff Fails to Plausibly allege that Either Defendant "Made" or "Initiated" any Text Message

Plaintiff's opposition does not dispute the core deficiency identified in Defendants' motion to dismiss: that the SAC contains no non-conclusory allegation that Affiliati or Palta actually transmitted, initiated, or caused the transmission of a single SMS message.

Instead, Plaintiff advances a theory of liability by aggregation - arguing that, because many messages allegedly shared domains, formats, or monetization pathways, Defendants must be responsible. That is not the correct standard. Courts in this Circuit consistently require TCPA

plaintiffs to plead why a particular defendant is plausibly connected to the act of calling, not merely that the defendant operates in the same industry or ecosystem as unknown callers. *See Banks v. Pro Custom Solar*, 416 F. Supp. 3d 171, 173 (E.D.N.Y. 2018); *Bank v. Vivint Solar, Inc.*, 2019 WL 2280731, at *3 (E.D.N.Y. Feb. 25, 2019); *Cacho v. McCarthy & Kelly LLP*, 739 F. Supp. 3d 195, 214 (S.D.N.Y. 2024). Allegations that messages passed through "affiliate marketing systems" or used "tracking domains" do not establish initiation, particularly where, as here, the complaint concedes that third-party affiliates and publishers physically sent the messages.

Plaintiff's assertion that spoofing prevents identification of the sender underscores - not excuses - the pleading failure. The TCPA does not impose strict liability on platforms merely because the true sender is unknown. If spoofing alone were sufficient to shift liability upstream, any entity tangentially associated with marketing technology could be haled into court without factual support.

Rule 12 requires plausibility, not conjecture backed by future discovery.

### III.     Plaintiff's Volume-Based And "Systemic" Inference Theory Is Legally Insufficient

Plaintiff repeatedly argues that the sheer number of messages (513) supports an inference of coordinated conduct attributable to Defendants. But the quantity is immaterial and does not substitute for causation.

Whether the complaint alleges one message or five hundred, the TCPA requires facts tying the defendant to the sending or initiation of those messages. Courts routinely dismiss TCPA claims where, as here, the plaintiff cannot allege how the defendant was involved and instead relies on conjecture. *Bank v. Alarm.com Holdings, Inc.*, 828 Fed. App'x 5, 8 (2d Cir. 2020) (TCPA claims dismissed with prejudice where plaintiff failed to allege any facts permitting an inference that either defendant initiated the phone calls, that the calls were made on defendants' behalf, or that defendants were otherwise connected to the calls).

Plaintiff's attempt to characterize this case as categorically different because it involves an affiliate network misstates the law. The existence of intermediaries heightens - rather than relaxes - the need for specific agency allegations. Yet the SAC offers only conclusory labels ("actual authority," "apparent authority," "ratification") without facts establishing: (1) a principal–agent relationship; (2) Defendants' control over message content, timing, or recipients, or (3) Defendants' ratification of each violative message.

Absent those facts, the vicarious liability claims fail as a matter of law.

## IV. Plaintiff Fails to Plead Individual Liability Against Palta

Plaintiff's claims against Palta suffer from the same flaw as the claims against Affiliati: there are no factual allegations plausibly supporting the inference that Palta personally made, authorized, or directed the alleged texts.

General assertions that Palta "controlled compliance," "benefited from violations," or "recruited affiliates" are textbook examples of conclusory allegations rejected by courts applying the TCPA. Plaintiff's reliance on irrelevant statements from years earlier, in unrelated contexts, does not plausibly allege personal participation in the messages at issue.

Holding an officer individually liable requires specific facts connecting that individual to the violative acts, not historical anecdotes or guilt by position.

## V. The SAC Remains an Improper Shotgun Pleading

Plaintiff's opposition does not meaningfully contest that each count of the SAC incorporates all prior allegations by reference, indiscriminately groups both Defendants together, and conflates alleged TCPA violations with irrelevant background concerning unrelated litigation, investigations, and settlements.

A pleading must provide clear notice of which defendant did what, not force defendants and the Court to untangle a narrative stitched together from conclusory assertions and prejudicial surplusage.

The extraneous allegations concerning prior enforcement actions, alleged concealment in other cases, and discovery disputes have no bearing on whether Plaintiff has stated a TCPA claim here and should be stricken under Rule 12(f).

<b><u>CONCLUSION</u></b>

For the foregoing reasons, The Affiliati Network, LLC and Sanjay Palta respectfully request that the Court dismiss the SAC in its entirety, or in the alternative, strike the SAC as alleged herein and grant any other relief the Court deems just and proper.

Dated: New York, New York          **Landy Wolf, PLLC**
       May 4, 2026              *Attorneys for Defendants*

David A. Wolf
270 Madison Avenue, Suite 1801
New York, NY 10016
(212) 682-8510
dwolf@landywolf.com