UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

SERGE KANNON,

        Plaintiff,

v.

                                        Case No. 1:26-cv-00955-AMD-PK

THE AFFILIATI NETWORK LLC and

SANJAY PALTA,

        Defendants.

-------------------------------------------------------------X

## PLAINTIFF'S LETTER MOTION FOR LEAVE TO FILE SUR-REPLY

May 12, 2026

The Honorable Ann M. Donnelly

United States District Judge

Eastern District of New York

225 Cadman Plaza East

Brooklyn, New York 11201



Re: *Kannon v. The Affiliati Network LLC et al.*, No. 1:26-cv-00955-AMD-PK: Plaintiff's Letter

Motion for Leave to File Sur-Reply

REC'D IN PRO SE OFFICE
MAY 12 '26 PM4:32

Dear Judge Donnelly:

Plaintiff Serge Kannon, proceeding pro se, respectfully requests leave to file a sur-reply of no more than five pages in response to Defendants' Reply Memorandum of Law in further support of their motion to dismiss the Second Amended Complaint. Leave is warranted on two narrow grounds.

First, Defendants' reply mischaracterizes the Second Amended Complaint in a material and consequential way. Defendants assert that "the complaint concedes that third-party affiliates and publishers physically sent the messages." (Reply at 4.) That characterization is incorrect. Counts I and II of the SAC plead that "Defendants, directly and through agents acting with actual authority, apparent authority, and ratification, initiated" the text messages at issue. (SAC Para. 45 (Count I); Para. 54 (Count II).) Direct initiation is pled as a primary theory; vicarious liability is pled in the alternative under Rule 8(d)(2). Defendants' reply converts Plaintiff's alternative pleading into a concession and then proceeds to argue that initiation is off the table. This is a material misrepresentation that warrants a brief response.

Second, Defendants' reply relies heavily on Bank v. Alarm.com Holdings, Inc., 828 Fed. App'x 5 (2d Cir. 2020), a non-precedential summary order that Defendants do not acknowledge is without precedential effect and that is distinguishable from this case on three independent grounds.

Neither issue was addressed in Plaintiff's opposition because neither arose until Defendants' reply. Plaintiff respectfully submits that a limited sur-reply addressing these two narrow points would assist the Court in correctly understanding the state of the pleadings and the applicable authority.

Pursuant to the Court's individual rules, Plaintiff attaches the proposed sur-reply as Exhibit A to this letter. Plaintiff is prepared to file it immediately upon the Court's grant of leave.

Respectfully submitted,                    Date: May 12, 2026

Serge Kannon

Plaintiff, Pro Se

1021 East 108th Street, Apt. 2A

Brooklyn, New York 11236

(718) 510-3692

imagineth@gmail.com

cc: David A. Wolf, Esq., Landy Wolf PLLC (via ECF)