**EXHIBIT A**

RECEIVED
MAY 1 2 2026
PRO SE OFFICE

ORIGINAL

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

SERGE KANNON,

      Plaintiff,

v.

THE AFFILIATI NETWORK LLC and

SANJAY PALTA,

      Defendants.

-----------------------------------------------------------X

Case No. 1:26-cv-00955-AMD-PK

## PLAINTIFF'S SUR-REPLY IN FURTHER OPPOSITION TO

## DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

Plaintiff Serge Kannon, proceeding pro se, submits this sur-reply pursuant to the Court's order

granting leave, to address two issues raised for the first time in Defendants' reply: (1) a material

mischaracterization of the Second Amended Complaint; and (2) reliance on a non-precedential

summary order that is distinguishable from this case on its face.

## I.   THE SECOND AMENDED COMPLAINT DOES NOT CONCEDE THAT THIRD PARTIES "PHYSICALLY SENT" THE MESSAGES.

REC'D IN PRO SE OFFICE
MAY 12 '26 PM4:33

Defendants' reply states that "the complaint concedes that third-party affiliates and publishers physically sent the messages." (Reply at 4.) That assertion is incorrect and contradicted by the face of the pleading.

Both Counts I and II of the Second Amended Complaint plead that "Defendants, directly and through agents acting with actual authority, apparent authority, and ratification, initiated" the text messages at issue. (SAC Para. 45 (Count I); Para. 54 (Count II).) This is disjunctive pleading: direct initiation by Defendants is the primary theory, and agency-based liability is pled in the alternative. Rule 8(d)(2) expressly permits a party to "set out 2 or more statements of a claim or defense alternatively." Fed. R. Civ. P. 8(d)(2).

The phrase "even if third parties physically transmitted some messages" in Plaintiff's opposition tracks that alternative-pleading structure. It is a hypothetical framing of the vicarious liability argument, not a concession that direct initiation is off the table, and not a narrowing of the complaint.

This mischaracterization is consequential. Defendants' Section II argument, that Plaintiff has not adequately pled "initiation," depends on the false premise that initiation is no longer at issue. Because Paragraph 45 of the SAC affirmatively pleads direct initiation as its primary theory, and Paragraph 49 pleads vicarious liability only in the alternative, that argument fails at its foundation.

## II. BANK v. ALARM.COM IS A NON-PRECEDENTIAL SUMMARY ORDER DISTINGUISHABLE ON THREE INDEPENDENT GROUNDS.

Defendants rely heavily on *Bank v. Alarm.com Holdings, Inc.*, 828 Fed. App'x 5 (2d Cir. 2020). The order itself states, in capital letters, that "RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT." *Id.* (header). Defendants do not acknowledge this. Even considered for persuasive value, *Bank* is distinguishable on three independent grounds.

*First*, the *Bank* plaintiff was "a licensed attorney" whom the court held "not entitled to any special solicitude." *Id.* at 7. Plaintiff Kannon is a non-attorney pro se litigant entitled to liberal construction of his pleadings. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006). The pleading standard applied in *Bank* is therefore categorically more demanding than the standard applicable here.

*Second*, the *Bank* court faulted the plaintiff because he had received only "dozens" of pre-recorded calls and "did not otherwise describe the content of those phone calls." *Bank*, 828 Fed. App'x at 8. The Second Amended Complaint here is not comparable. It pleads 513 individually documented text messages received between September 19, 2021 and May 11, 2022, all routed through shared tracking infrastructure (l.healba.com), bearing repeated operational signatures consistent with a single coordinated campaign, and traceable to Defendants' CAKE affiliate management platform. (SAC Paragraphs 19, 24, 45, 49.) The factual record here is orders of magnitude more developed than the record the *Bank* court found insufficient.

*Third*, the *Bank* court held that the plaintiff "failed to allege any facts permitting an inference that either Alliance or Alarm.com initiated the phone calls, that the calls were made on Alarm.com's behalf, or that Alarm.com was otherwise connected to those calls." *Bank*, 828 Fed. App'x at 8. The Second Amended Complaint pleads the opposite. It alleges concrete mechanisms of connection between Defendants and the messages: campaign approval authority vested in Affiliati, tracking infrastructure owned and maintained by Affiliati, payment routing through Defendants' platform, and Defendants' status as the direct financial beneficiary of the traffic generated by the challenged messages. (SAC Paragraphs 19, 21, 23, 45, 49.) These are not conclusory assertions; they are structural allegations grounded in the architecture of Defendants' own affiliate marketing operation.

## III.   EVEN UNDER McKENNA, DISMISSAL IS NOT WARRANTED.

Defendants cite *McKenna v. Wright*, 386 F.3d 432 (2d Cir. 2004), for the proposition that a limitations defense may be raised on a Rule 12(b)(6) motion where apparent on the face of the complaint. (Reply at 2.) *McKenna* itself, however, requires the moving party to "accept the more stringent standard applicable to this procedural route," and the plaintiff is "entitled to all reasonable inferences from the facts alleged, not only those that support his claim, but also those that defeat the immunity defense." 386 F.3d at 436. Dismissal is proper only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Id.* That standard is not met here. Plaintiff's opposition identified four independent grounds why the limitations period does not foreclose these claims: the continuing violation doctrine (not categorically rejected by the Second Circuit in the TCPA context); equitable tolling

for concealment-by-architecture; a 17-month period during which retained counsel with contractual sole authority over Plaintiff's TCPA claims elected not to file against these Defendants; and fraudulent concealment. Defendants' reply does not engage with the LawHQ tolling argument or the spoofing predicate at all. It is not "beyond doubt" that Plaintiff can prove no set of facts; the 513-violation record and layered affiliate structure create reasonable inferences that survive this demanding standard.

## CONCLUSION

For the foregoing reasons, the Court should deny Defendants' motion to dismiss. At minimum, the Court should grant Plaintiff leave to amend any deficiencies the Court identifies.

Respectfully submitted,                          Dated: May 12, 2026

Serge Kannon

Plaintiff, Pro Se

1021 East 108 street, Apt 2A

718-510-3692

imagineth@gmail.com

cc: David A. Wolf, Esq., Landy Wolf PLLC (via ECF)